Hon. Christopher M. Alson
Chapter 7

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>ALANNA ELLIS,<br><br>        Debtor. | NO. 16-10066<br><br>ADV. NO. |
| KATHRYN A. ELLIS, solely in her capacity as Chapter 7 Trustee,<br><br>        Plaintiff,<br><br>v.<br><br>SMOKIAM RV RESORT, LLC; BRADLEY ELLIS; and ALANNA ELLIS,<br><br>        Defendants. | COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS |

KATHRYN A. ELLIS, Chapter 7 Trustee and Plaintiff herein (the "Trustee"), complains and alleges as follows:

COMPLAINT - Page 1 of 9

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 17-01091-CMA    Doc 1    Filed 06/09/17    Ent. 06/09/17 16:51:59    Pg. 1 of 9

1. The Trustee is the duly appointed and acting trustee in the above-entitled Chapter 7 case.

2. This is an action to avoid and recover certain prepetition and postpetition transfers. The Court has jurisdiction over this adversary proceeding pursuant to 28 USC §§ 157 and 1334. Venue in this Court is proper.

3. The Bankruptcy Court has the authority under applicable law to enter a final order or judgment in this action. The Trustee consents to entry of a final order or judgment by the bankruptcy judge.

4. Defendant Alanna Ellis ("Ms. Ellis" or the "Debtor") is the Debtor in this bankruptcy case.

5. Defendant Bradley Ellis ("Mr. Ellis") is Ms. Ellis's husband. Mr. Ellis and Ms. Ellis were married in 2002.

6. Mr. Ellis and Ms. Ellis did not execute a prenuptial agreement or separate property agreement in connection with their marriage.

7. Defendant Smokiam RV Resort LLC ("Smokiam") is a Washington limited liability company that was formed on or around May 30, 2014. At all relevant times, Mr. Ellis has been the sole member and sole manager of Smokiam.

8. On January 8, 2016 (the "Petition Date"), the Debtor filed a Chapter 11 petition in this bankruptcy case in the Western District of Washington, case no. 16-10066.

9. On April 27, 2016, the Court ordered the appointment of a trustee in the Chapter 11 case. The United States Trustee then appointed the Plaintiff Kathryn Ellis to serve as the trustee in the Chapter 11 case.

COMPLAINT - Page 2 of 9

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 17-01091-CMA    Doc 1    Filed 06/09/17    Ent. 06/09/17 16:51:59    Pg. 2 of 9

10. On September 1, 2016, the Trustee filed a motion to convert the Chapter 11 case to a case under chapter 7. An order converting the case to Chapter 7 was entered on September 21, 2016 (the "Conversion Date"), whereupon the Plaintiff Trustee continued as Chapter 7 Trustee.

11. In her bankruptcy schedules in the Chapter 11 case (16-10066, ECF No. 1), the Debtor stated on initial Schedule A/B that she is the 100% owner of "IPG Investments, LLC" ("IPG Investments").

12. In her postconversion schedules filed in the Chapter 7 case (16-10066, ECF No. 90), the Debtor stated that IPG Investments is a 100% community asset and is community property, and also stated that it is a "proprietorship of non-debtor spouse" Bradley Ellis.

13. IPG Investments was formed after the Debtor and Mr. Ellis married. According to the Washington Secretary of State, IPG Investments was at one point a limited liability company, but became inactive as an LLC on November 1, 2011. IPG Investments thereafter has operated as a sole proprietorship.

14. IPG Investments is a mortgage brokerage firm that originates commercial mortgage transactions. IPG Investments receives commissions and fees for loan origination services.

15. As a sole proprietorship, there is no legal distinction between IPG Investments and the Debtor. Without limiting the foregoing, IPG Investments is liable for claims against the Debtor.

COMPLAINT - Page 3 of 9

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 17-01091-CMA    Doc 1    Filed 06/09/17    Ent. 06/09/17 16:51:59    Pg. 3 of 9

16. IPG Investments generated proceeds, product, offspring, rents, or profits (collectively, "Proceeds") after the Petition Date, and upon information and belief, continues to generate Proceeds.

17. All Proceeds from IPG Investments generated after the Petition Date and prior to the Conversion Date were property of the Debtor's chapter 11 bankruptcy estate. All Proceeds from IPG Investments generated after the Conversion Date are property of the Debtor's chapter 7 bankruptcy estate.

18. At her Chapter 7 Creditors' Meeting, the Debtor testified that she receives earnings for services performed for IPG Investments, including underwriting, ordering title reports, and preparing loan packages.

19. All such earnings of the Debtor from services performed by her after the Petition Date and prior to the Conversion Date were property of the Debtor's Chapter 11 estate.

20. At the Chapter 7 Creditors' Meeting, the Debtor testified that IPG Investments does not own a bank account.

21. On the Petition Date, the Proceeds generated by IPG Investments were not segregated in any bank account.

22. In the Monthly Financial Report for May filed in the Chapter 11 case, the Debtor stated that commissions received from IPG Investments were normally deposited into the Debtor's and/or Mr. Ellis's personal bank account(s).

23. On the Petition Date, Smokiam was the named account holder on a financial account at Umpqua Bank ending in 8929 (the "Smokiam Account").

COMPLAINT - Page 4 of 9

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

24. The Debtor is a signatory on the Smokiam Account. The Debtor does the QuickBooks accounting for Smokiam. The Debtor pays the bills for Smokiam.

25. Prior to the Petition Date, and on or around August 4, 2015, the Debtor transferred or caused to be transferred $40,380 in Proceeds generated by IPG Investments from IPG Investments to the Smokiam Account (the "Prepetition Transfer").

26. The Debtor failed to disclose the Prepetition Transfer on her initial Statement of Financial Affairs in the Chapter 11 case, on her amended Statement in the Chapter 11 case, or on the postconversion Statement in the Chapter 7 case.

27. On information and belief, no money was owed by the Debtor or IPG Investment to Smokiam at the time of the Prepetition Transfer.

28. In the alternative, the Prepetition Transfer was made by the Debtor or IPG Investment to Smokiam in payment of a preexisting debt.

29. The Debtor was insolvent at the time of the Prepetition Transfer, or became insolvent as a result of the transfer. Among other things, the Debtor had debts that exceeded her assets, filed a Chapter 13 bankruptcy case on July 16, 2014, and filed another Chapter 13 case on February 13, 2015.

30. Following the Petition Date, the Debtor transferred or caused to be transferred to the Smokiam Account Proceeds generated by IPG Investments (the "Postpetition Transfers").

31. The Postpetition Transfers include, without limitation, the following:

A. On or around February 23, 2016, the Debtor transferred or caused to be transferred $55,500 to the Smokiam Account.

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

B. On May 2, 2016, the Debtor transferred or caused to be transferred $25,400 to the Smokiam Account.

C. On May 17, 2016, the Debtor transmitted a demand letter on behalf of IPG Investments to Mariners Escrow instructing Mariners Escrow to submit as payment to IPG Investments the amount of $65,800 for brokerage commissions due for loan origination services. On or around May 26, 2016, Mariners Escrow transferred $65,800 to the Smokiam Account.

D. On or around May 19, 2016, the Debtor transferred or caused to be transferred $2,570 to the Smokiam Account.

E. On or around July 26, 2016, the Debtor transferred or caused to be transferred approximately $13,220 to the Smokiam Account.

F. On or around August 18, 2016, the Debtor transferred or caused to be transferred approximately $11,811 to the Smokiam Account.

32. The Postpetition Transfers were not made in the ordinary course of the Debtor's business.

33. The Postpetition Transfers were made without the knowledge or consent of the Trustee.

34. The Debtor neither sought nor received an order of the Bankruptcy Court permitting the Postpetition Transfers.

35. The Debtor did not disclose any of the Postpetition Transfers until August 5, 2016, as part of the late-filed May Report in the Chapter 11 case.

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

# FIRST CAUSE OF ACTION:

# AVOIDANCE OFPREFERENTIAL OR FRAUDULENT TRANSFER

36. The Prepetition Transfer from the Debtor to Smokiam in August 2015, as further described above, constitutes a transfer of an interest of the Debtor in property, as defined by the U.S. Bankruptcy Code.

37. At the time of the Prepetition Transfer, Mr. Ellis and Smokiam were creditors of the Debtor, and were "insiders" of the Debtor as defined by the Bankruptcy Code. The Prepetition Transfer was sent by the Debtor to Smokiam for or on account of antecedent debt owed by the Debtor before the Prepetition Transfer was made.

38. The Prepetition Transfer was made when the Debtor was insolvent, because the Debtor's bankruptcy filings in 2014, 2015, and 2016 show that the Debtor's liabilities were far greater than the fair value of the Debtor's assets at the time of the transfer.

39. There will not be sufficient funds in this bankruptcy estate to pay all creditors in full after all costs of administration have been paid. The Prepetition Transfer therefore allowed the Defendant(s) to receive more than they would have received in bankruptcy if the case were under Chapter 7 and the transfer had not been made.

40. The Prepetition Transfer of $40,380 is an avoidable preferential transfer pursuant to 11 USC § 547. The Trustee may recover the $40,380 from the initial transferee Smokiam or from Bradley Ellis and Alanna Ellis as the persons for whose benefit the transfer was made, under 11 USC § 550(a)(1).

COMPLAINT - Page 7 of 9

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 17-01091-CMA    Doc 1    Filed 06/09/17    Ent. 06/09/17 16:51:59    Pg. 7 of 9

41. Alternatively, to the extent that Smokiam received the $40,380 from the Debtor but was owed less than $40,380 by the Debtor at the time of transfer, then the Debtor received less than reasonably equivalent value in exchange for the $40,380 transferred. The Debtor was insolvent on the date of the transfer for the reasons described above.

42. The Prepetition Transfer is, in the alternative, an avoidable fraudulent transfer pursuant to 11 USC § 548. The Trustee may recover the $65,780.00 from the initial transferee Smokiam, or from Bradley Ellis and Alanna Ellis as the persons for whose benefit the transfer was made, under 11 USC § 550(a)(1).

43. An order should be entered avoiding the Prepetition Transfer described above, and a money judgment should be entered against the Defendants, jointly and severally, in the principal amount of $40,380.

## SECOND CAUSE OF ACTION:

## AVOIDANCE OF UNAUTHORIZED POSTPETITION TRANSFERS

44. The six Postpetition Transfers from the Debtor to Smokiam between February 2016 and August 2016, as further described above, constituted transfers of property of the estate on the dates of the respective transfers.

45. Each of the six Postpetition Transfers occurred after the commencement of the Chapter 11 bankruptcy case of Alanna Ellis.

46. None of the Postpetition Transfers were authorized under Title 11 United States Code or by the U.S. Bankruptcy Court.

COMPLAINT - Page 8 of 9

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 17-01091-CMA  Doc 1  Filed 06/09/17  Ent. 06/09/17 16:51:59  Pg. 8 of 9

47. The Postpetition Transfers, totaling $174,301, are avoidable postpetition transactions pursuant to 11 USC § 549. The Trustee may recover the $174,301 from the initial transferee Smokiam or from Bradley Ellis and Alanna Ellis as the persons for whose benefit the transfers were made, under 11 USC § 550(a)(1).

48. An order should be entered against avoiding the Postpetition Transfers described above, and a money judgment should be entered against the Defendants, jointly and severally, in the principal amount of $174,301.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee prays for the following relief:

A. Judgment against the Defendants avoiding the transfers described above, and entering a money judgment in favor of the Plaintiff Trustee and against Defendants, jointly and severally, for $214,684;

B. Judgment against the Defendants for reasonable attorney's fees and costs to the extent allowed under applicable law; and

C. Such other relief as the Court deems just and equitable.

DATED June 9, 2017.

WENOKUR RIORDAN PLLC

*/s/ Alan J. Wenokur*

_____
Alan J. Wenokur, WSBA # 13679
600 Stewart St., Suite 1300
Seattle, WA 98101
(206) 682-6224
alan@wrlawgroup.com

COMPLAINT - Page 9 of 9

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 17-01091-CMA    Doc 1    Filed 06/09/17    Ent. 06/09/17 16:51:59    Pg. 9 of 9