UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ALANNA B ELLIS<br><br>Debtor | Case No. 16-10066-CMA<br>Chapter 7 |
| KATHRYN A. ELLIS, solely in her capacity as Chapter 7 Trustee,<br>    Plaintiff,<br>v.<br>SMOKIAM RV RESORT, LLC; BRADLEY ELLIS; and ALANNA ELLIS,<br>    Defendants. | Adv. Proc. # 17-01091-CMA<br><br>**SECOND AMENDED ANSWER OF ALANNA ELLIS** |

Defendant Alanna Ellis ("Debtor") answers the Complaint of trustee Kathryn A. Ellis as follows:

1. Debtor admits the allegations in Paragraph 1.

2. Paragraph 2 contains contentions of law, to which no response is required. To the extent a response is deemed required, it is admitted.

3. Debtor admits the allegations in Paragraph 3.

4. Debtor admits the allegations in Paragraph 4.

5. Debtor admits the allegations in Paragraph 5.

6. Debtor admits the allegations in Paragraph 6.

7. Debtor admits that and Smokiam RV Report, LLC, ("Smokiam") is a Washington limited liability company that was formed on or around May 30, 2014.

SECOND AMENDED ANSWER OF ALANNA ELLIS - 1

**DONALD A BAILEY**
ATTORNEY AT LAW
720 Olive Way, #1000
Seattle, WA 98101
206 682 4802

Paragraph 7 is vague in its use of the term "at all relevant times," and therefore, Debtor denies knowledge or information sufficient to form a belief as to the truth of the allegations.

8. Debtor admits the allegations in Paragraph 8.

9. Debtor admits the allegations in Paragraph 9.

10. Debtor admits the allegations in Paragraph 10.

11. Debtor admits that her initial Chapter 11 Bankruptcy Schedules A/B, which speak for themselves, list that the Debtor has 100% ownership of "IPG Investments, LLC." To the extent the allegations in Paragraph 11 go to the characterization of "IPG Investments" as a legal entity or asset, Debtor denies.

12. Debtor admits that her post-conversion Bankruptcy Schedules, which speak for themselves, list that IPG Investments is a 100% community asset and is community property, and also state that it is a "proprietorship of non-debtor spouse." To the extent the allegations in Paragraph 12 go to the characterization of "IPG Investments" as a legal entity or asset, or to its community property characterization, Debtor denies.

13. Debtor admits that a limited liability company named "IPG Investments, LLC" was formed by her spouse after they were married, and that the limited liability company became inactive on November 1, 2011. Debtor admits that thereafter her spouse conducted business as a sole proprietorship under the name "IPG Investments", and she worked for the proprietorship. Debtor further alleges that a new limited liability company named "IPG Investments LLC" (without the comma) was formed as

SECOND AMENDED ANSWER OF ALANNA ELLIS - 2

**DONALD A BAILEY**
ATTORNEY AT LAW
720 Olive Way, #1000
Seattle, WA 98101
206 682 4802

Case 17-01091-CMA    Doc 13    Filed 07/21/17    Ent. 07/21/17 10:11:13    Pg. 2 of 7

of May 15, 2017.

14. Debtor admits that the proprietorship IPG Investments was a mortgage brokerage firm that originated commercial mortgage transactions, and that she and her spouse received commissions and fees for loan origination services performed under the name "IPG Investments". To the extent the allegations in Paragraph 14 go to the characterization of IPG Investments, Debtor denies.

15. The allegations in Paragraph 15 are contentions of law, to which no response is required. To the extent a response is deemed required, Debtor denies.

16. The allegations of Paragraph 16 are vague and misleading with respect to the term "Proceeds" and are therefore denied. Defendant Brad Ellis and Debtor generated personal service income through the proprietorship IPG Investments.

17. The allegations in Paragraph 17 are contentions of law, to which no response is required. To the extent a response is deemed required, Debtor denies.

18. Debtor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and thus denies.

19. The allegations in Paragraph 19 are contentions of law, to which no response is required. To the extent a response is deemed required, Debtor denies.

20. Debtor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20, and thus denies. To the extent the allegations of paragraph 20 characterize IPG Investments, the Debtor denies.

21. Debtor admits that her and her spouse's personal service incomes from IPG

SECOND AMENDED ANSWER OF ALANNA ELLIS - 3

**DONALD A BAILEY**
ATTORNEY AT LAW
720 Olive Way, #1000
Seattle, WA 98101
206 682 4802

Investments was not segregated. To the extent the allegations of Paragraph 21 go to the characterization of their personal service incomes from IPG Investments for any other purpose, Debtor denies.

22. Debtor admits that the May 2016 Monthly Financial Report, which speaks for itself, contains a statement that "[i]n the month of May 2016 IPG investments earned income in the amount of $93,770. Normally these funds would have been deposited into our personal bank accounts." To the extent the allegations in Paragraph 22 go to the characterization of the funds, Debtor denies.

23. Debtor admits the allegations in Paragraph 23.

24. Debtor admits the allegations in Paragraph 24.

25. Debtor denies the allegations of Paragraph 25. Specifically, Debtor object to the characterization of the "transfer" of $40,380 in "Proceeds," on the basis that the funds were proceeds of a loan to Smokiam.

26. Debtor denies the allegations of Paragraph 26 on the basis that, because the prepetition Transfer was not a transfer of her property or community property, she was not required to disclose the Prepetition Transfer on her initial Statement of Financial Affairs in the Chapter 11 case, on her amended Statement in the Chapter 11 case, or on the post-conversion Statement in the Chapter 7 case.

27. Debtor admits the allegations of Paragraph 27.

28. Debtor denies the allegations of Paragraph 28.

29. The allegations in Paragraph 29 regarding the Debtor's solvency are

SECOND AMENDED ANSWER OF ALANNA ELLIS - 4

**DONALD A BAILEY**
ATTORNEY AT LAW
720 Olive Way, #1000
Seattle, WA 98101
206 682 4802

contentions of law, to which no response is required. Debtor lacks sufficient knowledge or information to form a belief as to the truth of the allegation that she was insolvent at the time of the Prepetition Transfer, and therefore denies. In addition, the Prepetition Transfer could not have rendered the Debtor insolvent, because the Prepetition Transfer was not a transfer of property of the Debtor. Debtor admits that she filed a Chapter 13 bankruptcy case on July 16, 2014, and filed another Chapter 13 case on February 13, 2015.

30. Debtor denies the allegations of Paragraph 30 on the basis that the source of funds for each of the Postpetition Transfers was personal service income of her spouse, and not property of her bankruptcy estate.

31. Debtor denies the allegations in Paragraph 31 A through F, on the basis that the source of funds for each of the Postpetition Transfers was personal service income of her spouse, and not property of her bankruptcy estate.

32. The allegations in Paragraph 32 are contentions of law, to which no response is required. Debtor also lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32. To the extent a response is deemed required, Debtor denies.

33. Debtor lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and thus denies. Debtor alleges that the trustee was aware that funding Smokiam to enable it to generate revenue for payment of creditors was part of the Debtor's overall plan for the bankruptcy case.

SECOND AMENDED ANSWER OF ALANNA ELLIS - 5

**DONALD A BAILEY**
ATTORNEY AT LAW
720 Olive Way, #1000
Seattle, WA 98101
206 682 4802

34. Debtor admits that there is no order in her bankruptcy case specific to the allegations contained in Paragraph 31.

35. Debtor denies Paragraph 35. Documents recording the Postpetition Transfers were provided to the trustee before August 5, 2016.

36. The allegations in Paragraph 36 through 42 are contentions of law, to which no response is required. To the extent a response is deemed required, Debtor denies.

37 - 42.   Omitted

43. The allegations in Paragraph 43 contain Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, Debtor denies the allegations in Plaintiff's prayer for relief.

44. The allegations in Paragraph 44 through 47 are contentions of law, to which no response is required. To the extent a response is deemed required, Debtor denies.

45 - 46.   Omitted

48. The allegations in Paragraph 48 contain Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, Debtor denies the allegations in Plaintiff's prayer for relief.

49. The remainder of the Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, Debtor denies the allegations in Plaintiff's prayer for relief, and further aver that Plaintiff is not entitled to any relief in this action.

50. Debtor denies each and every allegation of the Complaint not specifically

SECOND AMENDED ANSWER OF ALANNA ELLIS - 6

**DONALD A BAILEY**
ATTORNEY AT LAW
720 Olive Way, #1000
Seattle, WA 98101
206 682 4802

and expressly admitted herein.

## AFFIRMATIVE DEFENSES

51. The Complaint fails to state a claim upon which relief can be granted.

52. The Complaint is barred by the doctrine of estoppel.

53. The Debtor's bankruptcy estate has suffered no damage as a result of the Prepetition Transfer.

54. The identified Postpetition Transfers were repaid. The Debtor's bankruptcy estate has suffered no damage as a result of the Postpetition Transfers.

## PRAYER FOR RELIEF

Wherefore, having fully answered the Complaint, the Debtor prays for relief as follows:

55. For dismissal of the Complaint, with prejudice;

56. For judgment against the Plaintiff for the reasonable costs and attorneys fees incurred in defense of this action, to the extent allowed under applicable law;

57. For leave to amend this Answer to conform to the proof at trial; and

58. For such other and further relief as the Court deems just.

Dated: July 21, 2017

DONALD A BAILEY
Attorney at Law
/s/ Donald A Bailey
WSB#12289
Attorney for Alanna Ellis

**DONALD A BAILEY**
ATTORNEY AT LAW
720 Olive Way, #1000
Seattle, WA 98101
206 682 4802

SECOND AMENDED ANSWER OF ALANNA ELLIS - 7

Case 17-01091-CMA    Doc 13    Filed 07/21/17    Ent. 07/21/17 10:11:13    Pg. 7 of 7